UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUITY INDUSTRIAL A-ROCKVILLE LLC,   )<br>         *Plaintiff*,                                         )<br>                                                                 )<br>        *vs.*                                                  )         1:09-cv-00621-SEB-JMS<br>                                                                 )<br>7900 ROCKVILLE, LLC, *et al.*,                )<br>        *Defendants*.                                    )<br>                                                                 ) | |

## **ORDER**

Presently before the Court is Plaintiff Equity Industrial A-Rockville LLC's ("Equity") Petition for Attorney's Fees. [Dkt. 87] It asks that the Court order Defendants 7900 Rockville, LLC, and Covington Capital Corporation (collectively "7900 Rockville") to pay Equity $3,225.00 (8.6 hours at $375 per hour) for its successful Motion to Compel, [dkt. 86]. Because the Court previously authorized fees, [*id.* at 6], determining the amount of a reasonable fee constitutes the only issue remaining here.

7900 Rockville raises two objections to the proposed fee, neither of which the Court sustains. First, it argues that because the Court didn't specifically award fees in connection with Equity's "Addendum to Pending Motion to Compel," [dkt. 47], Equity shouldn't be able to recover the 1.5 hours Equity's counsel spent on that item. As the Court indicated in its previous order, however, that addendum was erroneously filed as a motion, when in reality it was a supplemental brief, discussing new facts that had arisen since the motion to compel had been filed. [Dkt. 86 at 1 n.1.] The addendum forms part and parcel of the briefing on the underlying motion to compel, for which fees were specifically awarded. Second, 7900 Rockville complains generally that $3,225.00 is simply too high, contending instead that $1,000 should suffice. But because Equity's counsel's hourly rate is reasonable in the marketplace (evidenced in part by

Equity's willingness to pay it) and because counsel didn't spend unreasonably long on the motion to compel, [dkt. 87-1], 7900 Rockville's arbitrary valuation of $1,000 cannot carry the day. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute…."); *Balcor Real Estate Holdings v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("[T]he best guarantee of reasonableness is willingness to pay…..Having defaulted on its obligations…Walentas is in no position to complain that it induced Balcor to incur large legal costs….").

Nevertheless, the Court won't award the full $3,225 in fees. Equity's briefing contained hyperbole, inflammatory rhetoric, and attacks on opposing counsel. [*See, e.g.*, dkt. 53 at 10 (accusing the response brief of containing a "blatant misrepresentation").] That acerbic style doesn't comport with the level of civility that should—and ordinarily does—prevail in this District. The Court will not encourage such inappropriate behavior by funding it via a fee award. The Court considers a 15% reduction in the fee request an appropriate deterrent here and will reduce Equity's fee award to $2,740.00.

The Court therefore **GRANTS IN PART** and **DENIES IN PART** Equity's Petition for Attorney's Fees. [Dkt. 87.] 7900 Rockville must pay Equity $2,740.00 within fourteen days.

05/12/2010

                                                    Jane Magnus-Stinson
                                                    United States Magistrate Judge
                                                    Southern District of Indiana

- 3 -

**Distribution via ECF only:**

Richard D. Gass
DIONNE & GASS LLP
rdg@dionnegass.com

Robert Andrew Hicks
HALL RENDER KILLIAN HEATH & LYMAN
One American Square
Suite 2000
Indianapolis, IN 46282

David Benjamin Honig
HALL RENDER KILLIAN HEATH & LYMAN
dhonig@hallrender.com

Keith A. Kavinsky
GALLAGHER & KAVINSKY, L.P.A.
kak@gallagherkavinsky.com